FILED
CLERK, U.S. DISTRICT COURT

1/21/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_CW\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| OSHAY LENARD RANDLE,<br><br>    Petitioner,<br><br>    v.<br><br>Warden,<br><br>    Respondent. | Case No. EDCV 15-2540-MWF(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

    In 2012, petitioner pleaded guilty to one count of armed robbery. He was sentenced by the Riverside County Superior Court to state prison for a term of 13 years. [Petition at 2]. Petitioner did not appeal, and he has never filed any petition in state court challenging his conviction or sentence. [Petition at 2].

    Petitioner filed this petition for a writ of habeas corpus on December 14, 2015. The petition alleges two claims for relief: (1) "Judicial misconduct (due process violation)" – because the trial judge rushed petitioner to trial without allowing defense counsel adequate time to prepare and because petitioner's case should have been in "mental court"; and (2) "Malicious prosecution (civil rights violation)" – because the prosecutor introduced false evidence.

[Petition at 5]. Petitioner indicates that he never presented either claim to any state court, explaining that he "was told by the Attorney to do a writ of habeas corpus in federal court." [Petition at 5-6].

For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires that a petitioner "fairly present" his federal claims to the highest state court available. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008).

From the face of the petition, it is clear that petitioner has never presented any claim challenging his conviction or sentence to the California Supreme Court [Petition at 2-3, 5-6], and therefore, he has not exhausted his state court remedies. Although the Court has discretion to stay a habeas corpus petition to allow the petitioner to exhaust his state remedies, see Rhines v. Webber, 544 U.S. 269, 277-278 (2005), it does not have discretion to stay a petition containing only unexhausted claims. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

2

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice.[2]

**It is so ordered.**

Dated: January 21, 2016

                                         Michael W. Fitzgerald
                                         United States District Judge

---

[2] Petitioner is cautioned that a one-year limitation period applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d). Nothing in this order should be construed as expressing an opinion as the timeliness of this or any future petition.